IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD RICHARD NISSEN,<br><br>Defendant. | CR 13-59-BLG-DWM-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 64.)

On May 14, 2024, the Court conducted the final revocation hearing. Defendant admitted Violation No. 2 and denied Violation No. 1. The United States then moved to dismiss Violation No. 1. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant time served followed by 59 months of supervised release.

I.   **Background**

In 2013, Defendant pled guilty to the offense of conspiracy to possess with intent to distribute methamphetamine. (Doc. 25.) On December 18, 2013, the Court sentenced him to 105 months imprisonment, and a term of 60 months

1

supervised release. (Doc. 35.) On July 28, 2016, the Court reduced his term of imprisonment to 96 months. (Doc. 50.)

Defendant began serving his term of supervised release on August 26, 2022.

On December 12, 2023, the United States Probation Office filed the petition now at issue. (Doc. 53.) Based on the petition, Judge Molloy issued a warrant for Defendant's arrest. (Doc. 54.) Defendant, appearing on a writ from state custody, made an initial appearance on April 23, 2024. (Doc. 59.)

## II.   Final Revocation Hearing

Defendant appeared at the revocation hearing represented by Russel Hart. Kelsey Sabol represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Molloy prior to final imposition of sentence. After consenting to proceed, Defendant admitted Violation No. 2 as alleged in the petition, and denied Violation No. 1. Counsel for the United States moved to dismiss Violation No. 1.

The undersigned accepted the admission and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is VI, and the underlying offense is a class B felony. Under those circumstances, the statutory maximum sentence is 36 months incarceration, and the United States Sentencing Guidelines call for 8-14 months incarceration. Defendant

could also be sentenced to as much as 60 months supervised release, less any incarceration time imposed. Counsel for the parties agreed with those calculations.

Counsel for the United States requested a sentence of 8 months incarceration and 52 months supervised release. Defendant's counsel requested a sentence of time served, followed by a term of supervised release.

### III. Analysis

Based on Defendant's admission to a violation of a condition of supervised release, his supervised release should be revoked. The Court should sentence Defendant to time served, followed by 59 months supervised release.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant.

With respect to these factors, Defendant has a criminal history spanning several decades. He had accumulated 18 criminal history points at the time of sentencing on the underlying offense and was solidly within criminal history category VI. He has also consistently failed to comply with the conditions of his release while on state supervision and repeatedly had his parole revoked. Nevertheless, Defendant had been on supervised release for over a year following his release on the current sentence and had been compliant with the conditions of

his release. He reportedly had a good attitude; he was employed; he had established a residence; and was reunifying with his adult children.

Additionally, the nature of the sole violation established at the hearing is relatively minor. The petition in this matter alleges both a violation of federal state and local law, and associating with a felon without permission. Defendant admitted the latter, and the government chose to dismiss the more serious new crime violation.

The undersigned has also considered the need to afford adequate deterrence to criminal conduct, but a custodial sentence is not necessary to deter Defendant from associating with a felon. Through this process, Defendant has clearly been put on notice that associating with a felon is a violation of his supervised release and will not be tolerated.

The undersigned has also considered the need to protect the public from further crimes and the need for future educational and correctional treatment. Defendant is currently serving a recent state sentence of 5 years and 4 months, with two years suspended. A term of supervised release following his term from state custody will provide a level of protection to the public while on supervision, and will assist with Defendant's transition back into the community. A term of supervised release will also provide the opportunity for needed correctional treatment, such as outpatient chemical dependency treatment.

Therefore, after considering Chapter 7 policy statements and revocation guideline range, and the circumstances of the sole violation established at the hearing, a sentence of time served, followed by 59 months of supervised release is sufficient, but not greater than necessary, to comply with the purposes in 18 USC § 3553(a).

## IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and he was reminded of the right to object to these Findings and Recommendations within 14 days of their issuance. Defendant was also reminded of the right to appear and allocute before Judge Molloy prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDING:**

1. Defendant violated the condition of supervised release that he not associate with any person convicted of a felony unless granted permission to do so by the probation officer, as alleged in Violation No. 2.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to time served, followed by a term of 59 months supervised release.

2.  The United States' motion to dismiss Violation No. 1 should be granted.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Molloy, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 14th day of May, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge